R. BAKER'S HEIRS *v.* W. C. GILBERT ET AL.

[Abstract Kentucky Law Reporter, Vol. 4—621.]

**Title by Adverse Possession.**

An action to recover real estate will fail when the proof shows that the defendant and those under whom he claims have been in the possession claiming the property in controversy for over twenty years, and his possession has been open and notorious, with the claim of ownership made and recognized during all those years.

**Record on Appeal.**

Deeds or other exhibits relied on as evidence of title must be made a part of the record on appeal by an entry on the order book, or they must be made a part of the bill of evidence; and when they

are not so made a part of the record they cannot be considered by the Court of Appeals.

### APPEAL FROM CLAY CIRCUIT COURT.

#### January 27, 1883.

OPINION BY JUDGE PRYOR:

This petition, although filed in equity, is an action in ordinary for the recovery of a small portion of land, including a mill-seat, alleged by the appellant to be within his boundary. There is no equity relied on by the appellant entitling him to relief, none alleged and no equitable ground for relief established. The appellant was required to show title, and although various deeds are copied into the record we find only two or three of them made part of the record by an order entered of record, and no bill of evidence by which they became a part of the case. The exhibits relied on as evidence of title must be made part of the record by an entry on the order book, or they must be made a part of the bill of evidence.

There is nothing, therefore, in this case authorizing these deeds to be considered, and the appellant is in court without evidence of title. Besides, if the deeds were properly in the case or a part of the record, the proof is conflicting as to the claim of those in possession. The proof shows that they and those under whom they claim have been in the possession claiming the property in controversy for over twenty years, and while the declarations of the ancestor of the appellees may and do conduce to show that he regarded the title of the appellant as fraudulent, it must be recollected that the proof on this subject is conflicting; and a possession open and notorious for a period of twenty years with the claim of ownership, made to many and recognized by those in the neighborhood as existing, ought not to be disturbed by proof of casual conversations had with the party in possession as to the nature of his title, particularly when the testimony as to the conversations is detailed after the death of the party making them. He is not present to cross-examine nor to explain his meaning, and unless the proof is convincing as to the amicable holding, the claim under an actual possession for fifteen years or more ought to prevail. So in either view of the case the judgment was proper and is *affirmed.*

*H. C. Lilly & Son,* for appellants.

*J. & J. W. Rodman,* for appellees.